IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RUBY MORALES                                                                                    PLAINTIFF

V.                                      NO. 12-5211

CAROLYN COLVIN,
Acting Commissioner of the Social Security Administration                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Ruby Morales, appealed the Commissioner's denial of benefits to this Court. On December 4, 2013, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 10). Plaintiff now moves for an award of $2,662.55 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 5.65 attorney hours of work performed before the Court in 2012, 2013, and 2014, at an hourly rate of $180.00 for 2012 and $183.00 for 2013-2014, and for 25.65 law clerk hours of work performed before the Court in 2012, 2013, and 2014 at an hourly rate of $50.00, and $350.00 in costs. (Doc. 11). Defendant has filed a response, stating that she does not object to the amount of EAJA fees Plaintiff requests. (Doc. 13).

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

-1-

for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." Id. Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $180.00 for 1.30 attorney hours spent in 2012, and $183.00 for 4.35 attorney hours spent in 2013-2014, and an hourly rate of $50.00 for 25.65 law clerk hours, which he asserts were devoted to the representation of Plaintiff in this Court in 2012, 2013, and 2014. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Hensley, 461 U.S. at 437. Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate. Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases. The Court finds that the CPI -South index supports an award based upon an attorney hourly rate of $180.00 and 183.00.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

Plaintiff's counsel seeks to recover fees for the following activities:

---

[1] Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South)= $182.99/hour - $183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI-South) = $186.25 hour - $186.00

Attorney Time:

| | | |
|---|---|---|
| 11/9/12 | Reviewing and Filing Aff. Of completion of Service | .10 |
| 1/26/13 | Filing Brief of Plaintiff | .10 |

Law Clerk Time:

| | | |
|---|---|---|
| 9/9/12 | Filing Complaint (Travel to/from Courthouse) | .50 |
| 11/9/12 | Preparing Affidavit of Service | .15 |

These tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, the Court recommends deducting .10 hours of attorney time in 2012 and .65 hours of law clerk time in 2012.

Plaintiff's counsel seeks 2 attorney hours for "Reviewing and Filing EAJA Petition in 2014 and 3 law clerk hours for preparing the EAJA motion and exhibits, researching the Consumer Price Index and Computing Fees, and preparing the EAJA motion and exhibits in 2014. The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court recommends deducting 1 attorney hour in 2014 and 2 law clerk hours in 2014 from the time claimed.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff 's counsel should be awarded an

attorney's fee under the EAJA for: 1.20 attorney hours in 2012 (1.30 less .10 hours) at an hourly rate of $180.00, 3.15 attorney hours in 2013 and 2014 (4.35 less 1.20 hours) at an hourly rate of $183.00, and law clerk  fees for 22 hours (25.65 hours less 3.65 hours) at an hourly rate of $50.00, plus $350.00 in costs, for a **total award of $2,242.45.**  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of March, 2014.

                                             /s/ Erin L. Setser
                                           HONORABLE ERIN L. SETSER
                                           UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)